**UNITED STATES BANKRUPTCY COURT**
NORTHERN **DISTRICT OF** ILLINOIS
EASTERN **DIVISION**

| In re: | § | |
|---|---|---|
| | § | |
| Ralph W Burnett, Iii | § | Case No. 12-35996 |
| | § | |
| Debtor(s) | § | |

# TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 09/11/2012 . The undersigned trustee was appointed on 09/11/2012 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of $ 41,721.54

Funds were disbursed in the following amounts:

| | | |
|---|---|---|
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 0.00 |
| Bank service fees | | 325.26 |
| Other payments to creditors | | 0.00 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 0.00 |
| Other payments to the debtor | | 0.00 |
| Leaving a balance on hand of[1] | $ | 41,396.28 |

The remaining funds are available for distribution.

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 03/21/2013 and the deadline for filing governmental claims was 03/21/2013 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 4,922.15 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 4,922.15 , for a total compensation of $ 4,922.15 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 2.88 , for total expenses of $ 2.88 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 11/20/2013 By:/s/STEVEN R. RADTKE
Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

# FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
## ASSET CASES

Exhibit A

Case No: 12-35996 CAD Judge: Carol A. Doyle
Case Name: Ralph W Burnett, Iii
For Period Ending: 11/20/2013

Trustee Name: STEVEN R. RADTKE
Date Filed (f) or Converted (c): 09/11/2012 (f)
341(a) Meeting Date: 11/05/2012
Claims Bar Date: 03/21/2013

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 14018 Persimmon Dr. Orland Park Il | 525,000.00 | 40,083.00 | OA | 0.00 | FA |
| 2. Vacant Lot | 220,000.00 | 0.00 | OA | 0.00 | FA |
| 3. Bank Of America-Checking | 520.00 | 0.00 | OA | 0.00 | FA |
| 4. First Midwest Bank-Checking | 31.00 | 0.00 | OA | 0.00 | FA |
| 5. First Midwest Bank-Checking | 93.00 | 0.00 | OA | 0.00 | FA |
| 6. Clothing | 1,000.00 | 0.00 | OA | 0.00 | FA |
| 7. Watches | 1,000.00 | 0.00 | OA | 0.00 | FA |
| 8. Debtors 401(K) With Ohio National Life | 41,148.00 | 0.00 | OA | 0.00 | FA |
| 9. Agp Partners, Owned 16050 Via Solera Circle #106, Fort Myers | 0.00 | 0.00 | OA | 0.00 | FA |
| 10. Transport Delivery Services. Owns Various Vehicles, See Exhi | 0.00 | 0.00 | | 12,000.00 | FA |
| 11. Bahama Brothers, Used To Purchase Building Materials Wholesa | 0.00 | 0.00 | OA | 0.00 | FA |
| 12. Fore Assets, Holding Company For Premier Power Solutions Pe | 0.00 | 0.00 | OA | 0.00 | FA |
| 13. The Affinity Group Partners, Inc. See Attached Inventory Lis | 0.00 | 0.00 | OA | 0.00 | FA |
| 14. Premier Power Solutions, Llc Attorney Retained To File Bankr | 0.00 | 0.00 | OA | 0.00 | FA |
| 15. Debtor Is Entitled To A Tax Refund For The Tax Year 2011 | 15,000.00 | 15,000.00 | | 29,721.54 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

| | | | | | Gross Value of Remaining Assets |
|---|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $803,792.00 | $55,083.00 | | $41,721.54 | $0.00 |
| | | | | | (Total Dollar Amount in Column 6) |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee recovered Debtor's 2011 federal income tax refund in the amount of $29,721.54. Trustee recovered Debtor's 2011 Illinois income tax refund in the amount of $7,200.00. Trustee has prepared his Application for Authority to Sell Debtor's Membership Interest in a limited liability company called Transport Delivery Services, LLC for the sum of $12,000.00. Application is set for hearing on 8/7/13 and Trustee is holding the funds subject to further order of court.

Exhibit A

Initial Projected Date of Final Report (TFR): 12/31/2014 Current Projected Date of Final Report (TFR): 12/31/2014

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 12-35996
Case Name: Ralph W Burnett, Iii
Taxpayer ID No: XX-XXX4594
For Period Ending: 11/20/2013

Trustee Name: STEVEN R. RADTKE
Bank Name: Associated Bank
Account Number/CD#: XXXXXX0245
Checking
Blanket Bond (per case limit): $5,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 12/24/12 | 15 | Illinois Department of Revenue | State Tax Refund | 1124-000 | $7,200.00 | | $7,200.00 |
| 12/24/12 | 15 | United States Treasury | Federal Tax Refund | 1124-000 | $22,521.54 | | $29,721.54 |
| 01/08/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $4.89 | $29,716.65 |
| 02/07/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $44.17 | $29,672.48 |
| 03/07/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $39.85 | $29,632.63 |
| 04/05/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $44.05 | $29,588.58 |
| 05/07/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $42.57 | $29,546.01 |
| 06/07/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $43.93 | $29,502.08 |
| 06/28/13 | 10 | Palos Electric Co., Inc.<br>14030 S. Kildare Avenue<br>Crestwood, IL 60445 | Proceeds of sale of trustee's right, title and interest in TDS LLC | 1129-000 | $12,000.00 | | $41,502.08 |
| 07/08/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $44.17 | $41,457.91 |
| 08/07/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $61.63 | $41,396.28 |

| | Deposits | Disbursements |
|---|---|---|
| COLUMN TOTALS | $41,721.54 | $325.26 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $41,721.54 | $325.26 |
| Page Subtotals: | $41,721.54 | $325.26 |

| | | |
|---|---|---|
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $41,721.54 | $325.26 |

Exhibit B

| | | |
|---|---|---|
| Page Subtotals: | $0.00 | $0.00 |

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0245 - Checking | $41,721.54 | $325.26 | $41,396.28 |
| | $41,721.54 | $325.26 | $41,396.28 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $41,721.54 |
| Total Gross Receipts: | $41,721.54 |



Page Subtotals: $0.00 $0.00

Exhibit C

ANALYSIS OF CLAIMS REGISTER

Case Number: 12-35996
Date: November 20, 2013
Debtor Name: Ralph W Burnett, Iii
Claims Bar Date: 3/21/2013

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100<br>2100 | STEVEN R. RADTKE<br>CHILL, CHILL & RADTKE, P.C.<br>79 WEST MONROE STREET<br>SUITE 1305<br>CHICAGO, IL 60603<br>, | Administrative | | $0.00 | $4,922.15 | $4,922.15 |
| 100<br>2200 | STEVEN R. RADTKE<br>CHILL, CHILL & RADTKE, P.C.<br>79 WEST MONROE STREET<br>SUITE 1305<br>CHICAGO, IL 60603<br>, | Administrative | | $0.00 | $2.88 | $2.88 |
| 100<br>3110 | STEVEN R. RADTKE<br>CHILL, CHILL & RADTKE, P.C.<br>79 WEST MONROE STREET<br>SUITE 1305<br>CHICAGO, IL 60603<br>, | Administrative | | $0.00 | $2,925.00 | $2,925.00 |
| 100<br>3120 | STEVEN R. RADTKE<br>CHILL, CHILL & RADTKE, P.C.<br>79 WEST MONROE STREET<br>SUITE 1305<br>CHICAGO, IL 60603<br>, | Administrative | | $0.00 | $39.22 | $39.22 |
| 100<br>3410 | Popowcer Katten Ltd.<br>35 East Wacker Drive, Suite 1550<br>Chicago, IL 60601-2124 | Administrative | | $0.00 | $1,104.00 | $1,104.00 |
| 1<br>300<br>7100 | Us Dep Ed<br>Po Box 5609<br>Greenville, Tx 75403 | Unsecured | | $0.00 | $25,881.35 | $25,881.35 |
| 2<br>300<br>7100 | Ecast Settlement Corporation, Assignee<br>Of Chase Bank Usa, N.A.<br>Pob 29262<br>New York, Ny 10087-9262 | Unsecured | | $0.00 | $10,110.65 | $10,110.65 |
| 3<br>300<br>7100 | Ecast Settlement Corporation, Assignee<br>Of Chase Bank Usa, N.A.<br>Pob 29262<br>New York, Ny 10087-9262 | Unsecured | | $0.00 | $30,478.50 | $30,478.50 |
| | Case Totals | | | $0.00 | $75,463.75 | $75,463.75 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Exhibit C

ANALYSIS OF CLAIMS REGISTER

Case Number: 12-35996

Date: November 20, 2013

Debtor Name: Ralph W Burnett, Iii

Claims Bar Date: 3/21/2013

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 12-35996
Case Name: Ralph W Burnett, Iii
Trustee Name: STEVEN R. RADTKE

Balance on hand $ 41,396.28

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: STEVEN R. RADTKE | $ 4,922.15 | $ 0.00 | $ 4,922.15 |
| Trustee Expenses: STEVEN R. RADTKE | $ 2.88 | $ 0.00 | $ 2.88 |
| Attorney for Trustee Fees: STEVEN R. RADTKE | $ 2,925.00 | $ 0.00 | $ 2,925.00 |
| Attorney for Trustee Expenses: STEVEN R. RADTKE | $ 39.22 | $ 0.00 | $ 39.22 |
| Accountant for Trustee Fees: Popowcer Katten Ltd. | $ 1,104.00 | $ 0.00 | $ 1,104.00 |

Total to be paid for chapter 7 administrative expenses $ 8,993.25

Remaining Balance $ 32,403.03

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 66,470.50 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 48.8 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Us Dep Ed | $ 25,881.35 | $ 0.00 | $ 12,616.64 |
| 2 | Ecast Settlement Corporation, Assignee | $ 10,110.65 | $ 0.00 | $ 4,928.74 |
| 3 | Ecast Settlement Corporation, Assignee | $ 30,478.50 | $ 0.00 | $ 14,857.65 |

| | |
|---|---|
| Total to be paid to timely general unsecured creditors | $ 32,403.03 |
| Remaining Balance | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE